IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM THURSTON and
BERNICE THURSTON,

    Plaintiffs,

vs.                                        CASE NO. CV-99-J-2141-S

U.S. STEEL MINING COMPANY,
L.L.C., STATE FARM CASUALTY
INSURANCE COMPANY,

    Defendants.

**MEMORANDUM OPINION**

Currently pending before the court is the defendant State Farm Casualty Insurance Company's ("State Farm") motion for summary judgment (doc. 12), filed November 17, 1999; to which the plaintiffs have not responded.

### I. Procedural History

Plaintiffs commenced this action on July 9, 1999 by filing a complaint in the Circuit Court for Jefferson County, Alabama, alleging that damage to their home from the blasting activities of defendant U.S. Steel Mining Company and a claim for bad faith refusal to pay against defendant State Farm. Defendant State Farm removed the case to this court based on diversity jurisdiction (doc. 1). Defendant U.S. Steel Mining Company joined in the removal (doc. 4). A summary judgment scheduling order was entered by this court on October 4, 1999, which set forth time limits for responding to such motions.

**Uncontested Facts**

The plaintiffs' residence was insured by defendant State Farm during all times pertinent to this lawsuit. Exhibit 1 to Affidavit of Chester Lewis. The plaintiffs allege that on July 9, 1997, their home was damaged as a result of defendant U.S. Mining's nearby blasting activities. Complaint at ¶¶ 5- 6. The plaintiffs reported this damage to defendant State Farm on February 18, 1998.[1] Affidavit of Lewis at ¶¶ 4-5. On April 14, 1998, the plaintiffs filed another claim for similar damages caused by a tornado on April 8, 1998. Affidavit of Marie Davis at ¶¶ 2 and 9. The plaintiffs notified State Farm that they wanted the tornado damage claim addressed first, and the defendant acquiesced. Affidavit of Lewis at ¶ 15.

The defendant inspected the plaintiffs' property regarding the tornado damage on April 15 and April 22, 1998. Affidavit of Davis at ¶¶ 4-5. Defendant State Farm contracted with the independent firm JADE Engineering to inspect the plaintiffs' property as to the tornado claim. *Id.* at ¶¶ 6, 7 and 9. The engineering report stated that the plaintiffs reported damage to them which included cracks to the walls and foundation of the home. Exhibit 1 ("JADE report") to Affidavit of Davis. JADE Engineering concluded that no major structural damage to the home was caused by the tornado other than obvious roof damage. JADE report at 8; affidavit of Davis at ¶¶ 8-9. JADE Engineering reported that the joint cracks, slab cracks and separation of walls and foundation, claimed by plaintiffs as tornado

---

[1] For a variety of reasons, Mr. Lewis was unable to contact the plaintiffs about the blasting damage claim until May 13, 1998, at which time he learned there was also a pending tornado damage claim. Affidavit of Lewis at ¶¶ 6-15.

damage, was actually the result of foundation settlement and expansion and contraction. JADE report at 8-11; affidavit of Davis at ¶ 9. Therefore, on May 15, 1998, the defendant State Farm notified the plaintiffs that portions of their tornado damage claim would be denied as such damage was caused by settling. *Id.* at ¶ 10. The claim portion attributable to the tornado was paid. *Id.* at ¶¶ 10-11.

On June 25, 1998, the plaintiffs contacted Chester Lewis and told him that the tornado damage claim was resolved. Affidavit of Lewis at ¶ 16. Lewis inspected the home and noted damage similar to what plaintiffs had claimed as tornado damage. *Id.* at ¶¶ 17, 21. Defendant State Farm then hired the independent engineering firm Funk Engineering to inspect the plaintiffs' home for the blasting claim.[2] *Id.* at ¶ 18. Funk Engineering was not provided the JADE Engineering report. *Id.* Funk provided a written report to State Farm on July 31, 1998 which stated that the alleged damage was not the result of a mine explosion or any unnatural occurrence, but rather resulted from poor workmanship and settling. *Id.* at ¶¶ 19-20; exhibit 5 to Lewis affidavit ("Funk Report") at 5. Based on this, the plaintiffs' blasting damage claim was denied. *Id.* at ¶ 22. This litigation concerns whether the denial of plaintiffs' blasting claim was made by State Farm in bad faith.[3]

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the

---

[2] The plaintiffs also filed a claim for the damage with U.S. Steel, which U.S. Steel denied. Affidavit of Lewis at ¶ 19. The propriety of this denial is not currently before the court.

[3] No party claims that the State Farm insurance policy at issue actually covers poor workmanship or settlement of a structure's foundation. Additionally, the plaintiffs do not state a cause of action for breach of contract.

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary

judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 47 U.S. at 251-252.

### III. Legal Analysis

The bad faith refusal to pay claim against the defendant State Farm is a claim under the laws of the state of Alabama. Under Alabama law, the plaintiff in a bad faith action has the burden of proving: (a) an insurance contract between the parties and a breach thereof by the defendant; (b) an intentional refusal to pay the insured's claim; (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason); (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason; (e)

if intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim." *Gonzalez v. Blue Cross/Blue Shield of Alabama*, 689 So.2d 812, 817 (Ala.1997); quoting *National Sec. Fire & Cas. Co. v. Bowen*, 417 So.2d 179, 183 (Ala.1982).

More precisely, the plaintiff has the heavy burden of proving the defendant had no legal or factual defense to the claim. *Id.* at 183, *Chavers v. National Sec. Fire & Cas. Co.*, 405 So.2d 1 (Ala.1981). In other words, the plaintiffs must go beyond a mere showing of nonpayment and prove a bad faith nonpayment, a nonpayment with no reasonable ground for dispute. *Gonzales*, 689 So.2d at 817; *Harrington v. Guaranty Nat. Ins. Co.*, 628 So.2d 323, 325 (Ala.1993). In fact, there must be a conscious intent to injure. *Harrington*, 628 So.2d at 326. When a claim is fairly debatable, the insurer is entitled to debate it, whether the debate concerns a matter of fact or law. *Gulf Atlantic Life Ins. Co. v. Barnes*, 405 So.2d 916, 924 (Ala. 1981).

The plaintiffs have failed to meet their burden of proving that their claim was denied in bad faith. The evidence submitted to this court as part of State Farm's uncontested motion for summary judgment establishes that the damage was arguably not caused by the blasting activities of U.S. Steel, but by the natural settling of the residence over time and poor craftsmanship in its construction. As such, State Farm has a legitimate, arguable reason for denying the plaintiffs' claim for damage caused by blasting.[4]

---

[4] Of course, the plaintiffs' failure to allege breach of contract also bars this claim. *See Blue Cross/Blue Shield of Ala. v. Granger*, 461 So.2d 1320, 1326 (Ala.1984) ("a breach of

## IV. Conclusion

The plaintiffs have wholly failed to present any evidence to this court that the defendant's motion for summary judgment should not be granted. The court finds that State Farm has satisfied its burden of affirmatively demonstrating the absence of a genuine issue of material fact. *See United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1238 (11th Cir.1991). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark*, 929 F.2d at 608. The plaintiff has not demonstrated the same.

In consideration of the foregoing, the Court **GRANTS** the defendant State Farm's motion for summary judgment.

In accordance with Rule 54(b), Fed.R.Civ.P., this court finding no just cause for delay, it **ORDERED, ADJUDGED** and **DECREED** that judgment be and hereby is entered in favor of defendant State Farm and against the plaintiff on the bad faith count of the complaint (Count VI), each party to bear its own costs.

**DONE** and **ORDERED** this the _14_ day of December, 1999.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

---

contract claim of necessity underlies a claim of bad faith ... it is the insurer's breach of the insurance contract by refusing in bad faith to pay the claim that gives rise to the tort action of bad faith"). As the plaintiff has not sued for breach of contract, the court must assume that no breach of contract has occurred and as such, no bad faith refusal to pay based on an alleged breach of contract could have occurred.