FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

00 MAY -9 AM 9:  

U.S. DISTRICT COUR
N.D. OF ALABAMA

WILLIAM THURSTON and
BERNICE THURSTON,

      Plaintiffs,

vs.

U.S. STEEL MINING COMPANY,
L.L.C.,

      Defendant.

CASE NO. CV-99-J-2141-S

ENTERED

MAY  9 2000

### MEMORANDUM OPINION

Currently pending before the court is the defendant U.S. Steel Mining Company,

L.L.C.'s ("USM") motion for summary judgment (doc. 19), filed April 18, 2000; to

which the plaintiffs have not responded.

### I. Procedural History

Plaintiffs commenced this action on July 9, 1999 by filing a complaint in the Circuit

Court for Jefferson County, Alabama, alleging damage to their home from the blasting

activities of defendant U.S. Steel Mining Company and a claim for bad faith refusal to pay

against State Farm. State Farm removed the case to this court based on diversity jurisdiction

(doc. 1). Defendant U.S. Steel Mining Company joined in the removal (doc. 4). A summary

judgment scheduling order was entered by this court on October 4, 1999, which set forth time

limits for responding to such motions.

22

On December 14, 1999, this court granted State Farm's motion for summary judgment, leaving USM as the sole defendant.

### Uncontested Facts

The plaintiffs allege that on July 9, 1997, their home was damaged as a result of defendant USM's nearby blasting activities. Complaint at ¶¶ 5- 6. The plaintiff William Thurston is an employee of USM. Affidavit of Bennett at ¶ 7. The plaintiffs reported the blasting damage to State Farm on February 18, 1998.[1] Affidavit of Lewis at ¶¶ 4-5. On April 14, 1998, the plaintiffs filed another claim for similar damage caused by a tornado on April 8, 1998. Affidavit of Davis at ¶¶ 2 and 9. The plaintiffs notified State Farm that they wanted the tornado damage claim addressed first, and State Farm acquiesced.[2] Affidavit of Lewis at ¶ 15.

State Farm contracted with the independent firm JADE Engineering to inspect the plaintiffs' property as to the tornado claim. *Id.* at ¶¶ 6, 7 and 9. The engineering report stated that the plaintiffs reported damage to them which included cracks to the walls and foundation of the home. Exhibit 1 ("JADE report") to Affidavit of Davis. JADE Engineering concluded that no major structural damage to the home was caused by the

---

[1]For a variety of reasons, Mr. Lewis was unable to contact the plaintiffs about the blasting damage claim until May 13, 1998, at which time he learned there was also a pending tornado damage claim. Affidavit of Lewis at ¶¶ 6-15.

[2]The claim for tornado damage is not relevant to defendant USM's motion for summary judgment on the claims for damage caused by blasting except for the fact that two separate inspections were performed in State Farm's investigation of the claim.

2

tornado other than obvious roof damage. JADE report at 8; affidavit of Davis at ¶¶ 8-9. JADE Engineering reported that the joint cracks, slab cracks and separation of walls and foundation, claimed by plaintiffs as tornado damage, was actually the result of foundation settlement and expansion and contraction. JADE report at 8-11; affidavit of Davis at ¶ 9. Therefore, on May 15, 1998, State Farm notified the plaintiffs portions of their tornado damage claim would be denied as such damage was caused by settling. *Id.* at ¶ 10. The claim portion attributable to the tornado was paid. *Id.* at ¶¶ 10-11.

On June 25, 1998, the plaintiffs contacted Chester Lewis and told him the tornado damage claim was resolved. Affidavit of Lewis at ¶ 16. Lewis inspected the home on the blasting claim and noted damage similar to what plaintiffs had claimed as tornado damage. *Id.* at ¶¶ 17, 21. State Farm then hired the independent engineering firm Funk Engineering to inspect the plaintiffs' home for the blasting claim. *Id.* at ¶ 18. Funk Engineering was not provided the JADE Engineering report. *Id.* Funk provided a written report to State Farm on July 31, 1998, which stated that the alleged damage was not the result of a mine explosion or any unnatural occurrence, but rather resulted from poor workmanship and settling. *Id.* at ¶¶ 19-20; exhibit 5 to Lewis affidavit ("Funk Report") at 5. Based on this, the plaintiffs' blasting damage claim was denied. *Id.* at ¶ 22. The remaining issue in this case concerns whether USM's blasting and mining activities caused any damage to the plaintiffs' home.

USM, separately and apart from State Farm, investigated the plaintiffs' damage claim. Affidavit of Bennett at ¶ 6. USM hired Russell Scarvey and Fred Drake to perform two

3

inspections of the plaintiffs' property.  Both concluded that no evidence of mining related damage to the plaintiffs' home existed.  *Id.*  Both further reported that the damage complained of was more than likely caused by poor drainage and tree roots.  *Id.*

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23.  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for

4

trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id*. at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-252.

5

### III. Legal Analysis

The plaintiffs' complaint states claims against defendant USM for strict liability for engaging in abnormally dangerous activities, damage to lateral support, trespass, private nuisance and negligence.  Each of these claims requires some evidence that the defendant engaged in some activity which in some manner had some effect on plaintiffs.  The plaintiffs have failed to put forth any evidence the defendant's activities caused any effect on their property in any manner.  This court has before it evidence of four separate inspections of the plaintiffs' property which each reached the conclusion, independently, that any damage to the plaintiffs' home was not caused by blasting or mining activity.  The plaintiffs have failed to offer any evidence at all to rebut this evidence.

This court found in ruling on State Farm's uncontested motion for summary judgment that the damage was not caused by the blasting activities of USM, but by the natural settling of the residence over time and poor craftsmanship in its construction.  The defendant USM has put forth additional evidence that any damage to the plaintiffs' home was not caused by blasting.

### IV. Conclusion

The plaintiffs have wholly failed to present any evidence to this court that the defendant's motion for summary judgment should not be granted.  The court finds USM has satisfied its burden of affirmatively demonstrating the absence of a genuine issue of material fact.  *See United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th

6

Cir.1991). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark*, 929 F.2d at 608. The plaintiff has not demonstrated the same.

In consideration of the foregoing, the Court **GRANTS** the defendant USM's motion for summary judgment. It is therefore **ORDERED, ADJUDGED** and **DECREED** that judgment be and hereby is entered in favor of defendant USM and against the plaintiffs on all remaining counts of the complaint, each party to bear its own costs.

**DONE** and **ORDERED** this the _____ day of May, 2000.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

7